192 So. 60

## JETER v. STATE.
### 4 Div. 487.

Court of Appeals of Alabama.
Nov. 14, 1939.

J. W. Hicks, of Enterprise, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged this appellant with the offense of murder in the second degree, specifically, that he unlawfully and with malice aforethought killed Annie Comer by striking her with his knee or fists, or by some other means to the Grand Jury unknown, but without premeditation or deliberation, etc.

Several weeks after the indictment had been preferred and the defendant taken into custody, the trial was had, in the lower court, which resulted in the conviction of the defendant for the offense of manslaughter in the second degree. As the law requires, the jury, by its verdict, fixed the punishment, the verdict being: "We the jury find the defendant guilty of man-

slaughter in the second degree and fix his punishment at one (1) year hard labor for the county."

The court properly adjudged the defendant guilty and sentenced him in accordance with the verdict of the jury. From the judgment of conviction this appeal was taken.

The transcript contains defendant's motion for a new trial based upon several separate and distinct grounds. It also contains numerous special written charges requested by defendant and endorsed "Refused" by the court.

■ However, we are not authorized to consider any of the questions, or points of decision, involved in the action of the court in overruling defendant's motion for a new trial, or in the refusal of the several special written charges referred to, for the reason there is no bill of exceptions; in the absence of which such questions are not presented for review.

■■ The appeal being rested upon the record proper only, limits review here to the sole question of the regularity of the proceedings in the court below. As to this, we have examined the record, as the law requires, and find it regular in all respects; no error being apparent upon the record, it follows, the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.